**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4305

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS ALEWINE, a/k/a Sticks,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, Chief District Judge.  (1:16-cr-00453-GLR-1)

Submitted:  May 30, 2024                                   Decided:  June 3, 2024

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Michael Wein, LAW OFFICES OF MICHAEL A. WEIN, LLC, Greenbelt, Maryland, for Appellant.  Patricia Corwin McLane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Alewine pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). Alewine's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Alewine's 253-month sentence is procedurally reasonable. In a pro se supplemental brief, Alewine contends that he was coerced into pleading guilty, his counsel provided ineffective assistance, and the district court erred in calculating his criminal history score.

The Government has filed a motion to dismiss the appeal on the ground that Alewine's appeal is barred by the appeal waiver included in the plea agreement. We review de novo the validity of an appeal waiver. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *Id.* To determine whether a waiver is knowing and intelligent, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that

2

the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Alewine knowingly and voluntarily waived his right to appeal and that his challenges to his sentence fall squarely within the scope of the appellate waiver. Although Alewine's claim that he was coerced into pleading guilty is not barred by the waiver, *see id.* at 364, this claim is contradicted by his sworn statements at the Rule 11 hearing, *see United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) (recognizing "strong presumption of verity" applied to sworn declarations during plea colloquy, such that, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established" (internal quotation marks omitted)). Similarly, while an ineffective assistance claim that implicates the validity of a guilty plea is not barred by the waiver, such claims are generally not cognizable on direct appeal—and instead must be reserved for a 28 U.S.C. § 2255 motion—unless the "attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). The record here does not conclusively show that counsel provided ineffective assistance.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal that fall outside the scope of the appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the district court's judgment. This court requires that counsel inform Alewine, in writing, of the right to petition the Supreme

3

Court of the United States for further review.  If Alewine requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Alewine.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*